UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
KEITH BUTLER,

      Plaintiff,

  -against-

SUFFOLK COUNTY POLICE DEPARTMENT,
NYS DIVISION OF PAROLE (SUFFOLK
COUNTY DIVISION), SUFFOLK COUNTY
LEGAL AID SOCIETY, SUFFOLK COUNTY
CHILD PROTECTIVE SERVICES (CPS),
SUFFOLK COUNTY POLICE OFFICER
EDWARD ZIMMERMAN, SHIELD # 5826,
"JOHN DOE" LEGAL AID ATTORNEY,
GERALDINE MULLIGAN, RACHETTE ANAD,
ANDREA MCKENSIE, ROBERT BELTRANI,
ASSISTANT DISTRICT ATTORNEY "JANE MOE",
ADMINISTRATIVE LAW JUDGE HON. "MIKE MOE",
PAROLE OFFICER HENDERSON, PAROLE OFFICER
FRED KANN, DISTRICT COURT JUDGE KAREN
KERR, FAMILY COURT JUDGE RICHARD HOFFMAN,
CPS INVESTIGATOR MICHAEL HOFFMEISTER, CPS
SUPERVISOR FRANCINE LEE,

      Defendants.
-----------------------------------------------------------------X

ORDER
13-CV-01507(JFB)(WDW)

FILED
IN CLERK'S OFFICE
U S DISTRICT COURT E D N Y

★   JUN 2 0 2013   ★

LONG ISLAND OFFICE

BIANCO, District Judge:

  Presently pending before the Court is the pro se complaint brought by incarcerated pro se plaintiff Keith Butler ("plaintiff") pursuant to 42 U.S.C. § 1983 ("Section 1983") against eighteen named and unnamed defendants (collectively, "defendants"). Accompanying the complaint is an application to proceed in forma pauperis. Upon review of the declaration in support of the application to proceed in forma pauperis, the Court determines that the plaintiff's financial status qualifies him to commence this action without prepayment of the $350.00 filing fee. See 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

However, for the reasons that follow, the complaint is <u>sua sponte</u> dismissed, but plaintiff is given leave to replead and file an amended complaint within 30 days of this Order.

## BACKGROUND

Plaintiff's brief handwritten complaint submitted on the Court's Section 1983 complaint form, though difficult to discern, purports to allege claims for conspiracy and malicious prosecution. (Compl. ¶¶ IV.A, V.) Plaintiff's complaint alleges, in its entirety, the following:[1]

> Suffolk County Police; Suffolk County Div. of NYS Parole, Suffolk County Legal Aid Society and Suffolk County Children's Protections Services, All Willingly And Knowingly, Deprived Petitioner Keith Butler of His New York State And United States Constitutional Due Process and Substantive Due Process Rights, Individually And Collectively, When They utilized Non-Arraigned CHARGES to Prosecute him And collectively used these informations with threats of Depriving him of Visitation and Parental Rights (Biological Father) to his new born daughter "Terrellana Butler" born 2/2/2013, coercin him by promoting "Incarceration" versus Parental Rights. Note: More than 15 mos. Separation deprives him of Parental Rights promoting Non Custody, Social Services, Adoption, etc.

(<u>Id.</u> ¶ IV.) In the section of the complaint form that calls for a description of any claimed injuries, plaintiff alleges:

> 1. Constitutional Injuries include 1st, 4th, 8th and 14th USCA
> 2. Emotional and Psychological Injury (incl. Mental Anguish) Helplessness
> 3. Malicious Prosecution and Denial to Approve a Atty For Family Court USCA 5,6
> 4. Prosecution on Un-Arraigned Charges (Court has No

---

[1] Plaintiff's Statement of Claim has been reproduced here exactly as it appears in the complaint. Spelling, punctuation and grammatical errors have not been corrected or noted.

Jurisdiction)
5. Conspiracy by Inter-Office Communications.
("RICO-Law" Like) Destruction of Family Unit

(Id. ¶ IV.A.) For relief, plaintiff seeks "Federal Intervention and Oversight of Criminal Prosecutions Also Parole Prosecution, [Federal Intervention and Oversight] on CPS Matters and Visitation Rights of Incarcerated Parent." (Id. ¶ V.) In addition, plaintiff seeks to recover $15 million for "punitive, compensatory and monetary damages for malicious prosecution, threats, coercion, Jurisdictional Defects and Conspiracy by Inter-Office Communications Acts etc. from the Respondents." (Id.)

## DISCUSSION

### I. In Forma Pauperis Application

Upon review of plaintiff's declaration in support of his application to proceed in forma pauperis, the Court determines that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. See 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed in forma pauperis is granted.

### II. Application of 28 U.S.C. § 1915

Section 1915 of Title 28 requires a district court to dismiss an in forma pauperis complaint if the action is frivolous or malicious, fails to state a claim for which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B)(i-iii), 1915A(b). The Court is required to dismiss the action as soon as it makes such a determination. See id.

Courts are obliged to construe the pleadings of a pro se plaintiff liberally. Sealed Plaintiff v. Sealed Defendant, 537 F.3d 185, 191 (2d Cir. 2008); McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth

3

of "all well-pleaded, nonconclusory factual allegations" in the complaint. Kiobel v. Royal Dutch Petroleum Co., 621 F.3d 111, 123 (2d Cir. 2010) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). However, a complaint must plead sufficient facts to "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 679 (citations omitted). The plausibility standard requires "more than a sheer possibility that defendant has acted unlawfully." Ashcroft, 556 U.S. at 678; accord Wilson v. Merrill Lynch & Co., Inc., 671 F.3d 120, 128 (2d Cir. 2011). While "detailed factual allegations" are not required, "[a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" Ashcroft, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).

Section 1983 provides that

> [e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured.

42 U.S.C. § 1983; Rehberg v. Paulk, 132 S. Ct. 1497, 1501–02 (2012). To state a claim under Section 1983, a plaintiff must "'allege that (1) the challenged conduct was attributable at least in part to a person who was acting under color of state law and (2) the conduct deprived the plaintiff of a right guaranteed under the Constitution of the United States.'" Rae v. Cnty. of Suffolk, 693 F. Supp. 2d 217, 223 (E.D.N.Y. 2010) (quoting Snider v. Dylag, 188 F.3d 51, 53 (2d Cir. 1999)). Section 1983 does not create any independent substantive right, but rather is a vehicle to "redress . . . the

deprivation of [federal] rights established elsewhere." Thomas v. Roach, 165 F.3d 137, 142 (2d Cir. 1999); see also Rosa R. v. Connelly, 889 F.2d 435, 440 (2d Cir. 1989). In addition, in order to state a claim for relief under Section 1983, the plaintiff must allege the personal involvement of a defendant in the purported constitutional deprivation. Farid v. Ellen, 593 F.3d 233, 249 (2d Cir. 2010) (quoting Farrell v. Burke, 449 F.3d 470, 484 (2d Cir. 2006)). "An individual cannot be held liable for damages under Section 1983 'merely because he held a high position of authority,'...." Back v. Hastings on Hudson Union Free School Dist., 365 F.3d 107, 127 (2d Cir. 2004) (quoting Black v. Coughlin, 76 F.3d 72, 74 (2d Cir. 1996)). A complaint based upon a violation under Section 1983 that does not allege the personal involvement of a defendant fails as a matter of law. See Johnson v. Barney, 360 F. App'x 199 (2d Cir. 2010).

Here, although plaintiff seeks to sue eighteen defendants, he has not alleged any conduct attributable to any individual. Nor has he alleged any facts sufficient for the Court to liberally construe a deprivation of plaintiff's constitutional rights. Rather, plaintiff alleges in a conclusory fashion that his state and federal due process rights were violated.

In addition to his conclusory allegations that the named defendants violated his constitutional rights, plaintiff lists, as one of his claimed injuries, "malicious prosecution." (See Compl. ¶ IV.A.) The Court's review of the New York State Court's docket reflects that plaintiff had two criminal cases in the First District Court, Suffolk County, 2012SU059359 and 2013SU000068. See http://iapps.courts.state.ny.us (last visited on June 5, 2013). However, on April 24, 2013, plaintiff pled guilty in both cases. "To establish a malicious prosecution claim under New York law, a plaintiff must prove '(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the

proceeding; and (4) actual malice as a motivation for defendant's actions.'" Manganiello v. City of N.Y., 612 F.3d 149 (2d Cir. 2010) (quoting Murphy v. Lynn, 118 F.3d 938, 947 (2d Cir. 1997)) (additional citation omitted). Because plaintiff pled guilty in both underlying criminal cases, it does not appear that he can plausibly allege that a criminal proceeding terminated in his favor – a fact that he must prove in order to maintain a malicious prosecution claim. However, in an abundance of caution, the Court will give plaintiff an opportunity to re-plead to articulate what charge was terminated in his favor.

## LEAVE TO REPLEAD

In light of the pleading deficiencies noted above, the Court has considered whether plaintiff should be given an opportunity to re-plead. The Second Circuit has emphasized that a "court should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." Cuoco v. Moritsugu, 222 F.3d 99, 112 (2d Cir. 2000) (citations and internal quotation marks omitted). Under Rule 15(a) of the Federal Rules of Civil Procedure, the "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a).

As discussed *supra*, based on the allegations in plaintiff's complaint, the Court is unable to determine (1) what, if any, alleged constitutional deprivations form the basis for plaintiff's Section 1983 claim; (2) how the named defendants were personally involved in the alleged constitutional deprivations; and (3) with respect to the malicious prosecution claim, what charge was terminated in his favor. Accordingly, the Court affords plaintiff leave to re-plead the substance of his Section 1983 claims against the named defendants in this case. In so doing, plaintiff must attempt to plead what specific constitutional rights the defendants violated, how

6

each defendant was personally involved in depriving plaintiff of those constitutional rights, and, with respect to the malicious prosecution claim, what charge was terminated in his favor.

## CONCLUSION

For the reasons set forth above, plaintiff's application to proceed in forma pauperis is granted, and the complaint is sua sponte dismissed, but plaintiff is given leave to replead and file an amended complaint within 30 days of this Order. Failure to file an amended complaint will result in the dismissal of this action without prejudice, and the case will be closed. No summons shall issue at this time. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of any appeal. See Coppedge v. United States, 369 U.S. 438, 444-45, 82 S. Ct. 917, 8 L. Ed. 2d 21 (1962).

SO ORDERED.

s/ Joseph F. Bianco

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: June 20, 2013
Central Islip, New York

7