```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
KEITH TERRELL BUTLER,

                       Plaintiff,

        -against-                                                    MEMORANDUM AND ORDER
                                                                     13-CV-01507 (JFB)(AYS)

EDWARD ZIMMERMAN (SUFFOLK COUNTY
POLICE DEPARTMENT),

                       Defendant.
----------------------------------------------------------------X
```

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★ MAR 23 2015 ★
LONG ISLAND OFFICE

JOSEPH F. BIANCO, District Judge:

On March 18, 2013, *pro se* plaintiff Keith Butler filed a complaint pursuant to 42 U.S.C. § 1983, asserting that several government officials violated his constitutional rights. By Memorandum and Order dated October 30, 2013, the Court dismissed plaintiff's claims against all defendants except for defendant Police Officer Edward Zimmerman. On November 26, 2013, defendant Zimmerman interposed an answer to the complaint. Magistrate Judge Locke issued an order on October 21, 2014, scheduling an initial conference for November 19, 2014. By letter dated October 23, 2014, counsel for the defendant notified the Court that plaintiff had been released from custody, and his current address was unknown. The Court adjourned the conference without date, with notice that the conference would be rescheduled once plaintiff updated his mailing address to the Court. The order adjourning the conference was returned to the Court as undeliverable. On January 20, 2015, Magistrate Judge Locke issued an order directing plaintiff to provide his contact information and the status of the action; the order further warned plaintiff that failure to respond to the order would result in dismissal of this action. That order was returned to the Court as undeliverable, and to date, plaintiff has not communicated with the Court since October 1, 2014. It therefore appears that plaintiff has abandoned this action. Accordingly, for the reasons set forth below, the Court

dismisses this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure for failure to prosecute.

Rule 41(b) authorizes a district court to "dismiss a complaint for failure to comply with a court order, treating the noncompliance as a failure to prosecute." *Simmons v. Abruzzo*, 49 F.3d 83, 87 (2d Cir. 1995) (citing *Link v. Wabash R.R. Co.*, 370 U.S. 626, 633 (1962)); *see Lucas v. Miles*, 84 F.3d 532, 535 (2d Cir. 1996) ("[D]ismissal [pursuant to Rule 41(b)] is a harsh remedy and is appropriate only in extreme situations."); *Wynder v. McMahon*, 360 F.3d 73, 79 (2d Cir. 2004) ("Rule [41(b)] is intended to serve as a rarely employed, but useful, tool of judicial administration available to district courts in managing their specific cases and general caseload."). Moreover, it is well-settled that a district court "may act *sua sponte* to dismiss a suit for failure to prosecute." *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (citing *Link*, 370 U.S. at 630); *see also Le Sane v. Hall's Sec. Analyst, Inc.*, 239 F.3d 206, 209 (2d Cir. 2001) ("Although the text of Fed. R. Civ. P. 41(b) expressly addresses only the case in which a defendant moves for dismissal of an action, it is unquestioned that Rule 41(b) also gives the district court authority to dismiss a plaintiff's case *sua sponte* for failure to prosecute.").

Courts have repeatedly found that "[d]ismissal of an action is warranted when a litigant, whether represented or instead proceeding *pro se*, fails to comply with legitimate court directives." *Yulle v. Barkley*, No. 9:05-CV-0802, 2007 WL 2156644, at *2 (N.D.N.Y. July 25, 2007) (citations omitted). A district court contemplating dismissal of a plaintiff's claim for failure to prosecute and/or to comply with a court order pursuant to Rule 41(b) must consider:

> 1) the duration of plaintiff's failures or non-compliance; 2) whether plaintiff had notice that such conduct would result in dismissal; 3) whether prejudice to the defendant is likely to result; 4) whether the court balanced its interest in managing its docket against plaintiff's interest in receiving an opportunity to be heard; and 5)

2

whether the court adequately considered the efficacy of a sanction less draconian than dismissal.

*Baffa v. Donaldson, Lufkin & Jenrette Sec. Corp.*, 222 F.3d 52, 63 (2d Cir. 2000). In deciding whether dismissal is appropriate, "[g]enerally, no one factor is dispositive." *Nita v. Conn. Dep't of Env. Prot.*, 16 F.3d 482, 485 (2d Cir. 1994); *see Peart v. City of New York*, 992 F.2d 458, 461 (2d Cir. 1993) ("'[D]ismissal for want of prosecution is a matter committed to the discretion of the trial judge [and] the judge's undoubtedly wide latitude is conditioned by certain minimal requirements.'") (quoting *Merker v. Rice*, 649 F.2d 171, 173-74 (2d Cir. 1981)).

Here, plaintiff has failed to communicate with the Court since October 1, 2014. Plaintiff has also failed to update his address since his release from prison in October 2014. Under these circumstances, no sanction less than dismissal will alleviate the prejudice to defendant of continuing to keep this action open. Moreover, the Court needs to avoid calendar congestion and ensure an orderly and expeditious disposition of cases. Therefore, all the above-referenced factors favor dismissal of the instant case.

Accordingly, the above-referenced factors favor dismissal of this action pursuant to Rule 41(b) of the Federal Rules of Civil Procedure. The Clerk of the Court shall close this case. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: March 23, 2015  
Central Islip, New York

JOSEPH F. BIANCO  
UNITED STATES DISTRICT JUDGE

3